Filed 2/23/21  P. v. Williams CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>NATHAN GERALD WILLIAMS,<br><br>    Defendant and Appellant. | E074736<br><br>(Super.Ct.Nos. BAF1701298,<br> RIF1701618)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County. John D. Molloy, Judge. Affirmed.

Marta I. Stanton, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Steve Oetting and Anthony Da Silva, Deputy Attorneys General, for Plaintiff and Respondent.

1

Nathan Gerald Williams pleaded guilty to robbery, unauthorized use of personal identifying information, unlawful possession of a firearm, and driving with willful or wanton disregard for the safety of others while fleeing police. The court sentenced him to a total of 10 years in prison and imposed certain fines and fees. On appeal, he argues the trial court violated his due process rights as articulated in *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*) by imposing the fines and fees without conducting an ability to pay hearing. We affirm.

I

FACTS

The facts underlying Williams's convictions are irrelevant to the issue before us, so we will not recount them. This appeal involves sentencing in two cases. In the first case (RIF1701618), Williams pleaded guilty to robbery (Pen. Code, § 211), unauthorized use of personal identifying information (Pen. Code, §530.5, subd. (a)), unlawful possession of a firearm (Pen. Code, § 29800, subd. (a)(1)), and driving with willful or wanton disregard for the safety of persons or property while fleeing the police (Veh. Code, § 2800.2). He also admitted a strike prior. The court sentenced him to 10 years in state prison and ordered him to pay a $160 court operations assessment (Pen. Code, § 1465.8, subd. (a)(1)), a $120 conviction assessment (Gov. Code, § 70373), a $300 restitution fine (Pen. Code, § 1202.4), and a $300 parole revocation fine (Pen. Code, § 1202.45, subd. (c)), though this last one was suspended unless parole was revoked.

2

In the second case (BAF1701298), Williams pleaded guilty to grand theft (Pen. Code, § 487, subd. (c)) and admitted a strike prior. The court sentenced him to one year four months in prison, consecutive to the term imposed in the first case. The court ordered him to pay a $40 court operations assessment (Pen. Code, § 1465.8, subd. (a)(1)), a $30 conviction assessment (Gov. Code, § 70373), a $300 restitution fine (Pen. Code, § 1202.4), and a $300 parole revocation fine (Pen. Code, § 1202.45, subd. (c)), again suspended pending successful completion of parole.

Before sentencing, Williams requested the court waive all fines and fees because he was indigent. He told the court he had no job prior to being arrested and hadn't graduated high school. The court noted he "appear[ed] to be healthy" and "will be earning some income in State prison," before imposing the fines and fees in both cases.

II

ANALYSIS

Williams argues the trial court erred under *Dueñas*, which held that imposition of certain fines and fees on indigent defendants, without any finding as to ability to pay, violates the due process guarantees in the United States Constitution and the California Constitution. (*Dueñas*, *supra*, 30 Cal.App.5th at p. 1168.) He argues we must reverse the fees, stay the imposed fines, and remand the case to the trial court to allow it to conduct an ability to pay hearing. We disagree.

As to the restitution fine, Penal Code section 1202.4, unlabeled statutory citations refer to this code, requires the sentencing court to impose a minimum fine of $300 for all

3

felony convictions "unless it finds compelling and extraordinary reasons for not doing so." (§ 1202.4, subd. (c).) However, the statute instructs that "inability to pay shall not be considered a compelling and extraordinary reason not to impose a restitution fine," and "may be considered only in *increasing* the amount of the restitution fine in excess of the minimum." (§ 1202.4, subd. (c), italics added.) In other words, section 1202.4 prohibits courts from considering a defendant's ability to pay if they are imposing the minimum restitution fine. In a similar vein, Penal Code section 1465.8 and Government Code section 70373 require mandatory assessments on every criminal conviction except parking convictions, without reference to any consideration of the defendant's ability to pay. (*Dueñas*, *supra*, 30 Cal.App.5th at p. 1164.)

But *Dueñas* changed the law and found unlawful section 1202.4's prohibition on considering inability to pay for minimum restitution fines. Indeed, the *Dueñas* court found that due process *required* an ability to pay hearing. The court held "that although Penal Code section 1202.4 bars consideration of a defendant's ability to pay unless the judge is considering increasing the fee over the statutory minimum, the execution of any restitution fine imposed under this statute must be stayed unless and until the trial court holds an ability to pay hearing and concludes that the defendant has the present ability to pay the restitution fine." (*Dueñas*, *supra*, 30 Cal.App.5th at p. 1164.)

The *Dueñas* court reached a similar conclusion with respect to assessments imposed under Penal Code section 1465.8 and Government Code section 70373. Those provisions mandate assessments on every criminal conviction except parking convictions,

4

without regard to the defendant's ability to pay. (*Dueñas*, *supra*, 30 Cal.App.5th at p. 1164.) However, the court concluded "that due process of law requires the trial court to conduct an ability to pay hearing and ascertain a defendant's present ability to pay before it imposes court facilities and court operations assessments under Penal Code section 1465.8 and Government Code section 70373." (*Ibid.*)

Here, it's undisputed the trial court did not hold a hearing to determine whether Williams had the ability to pay the fines and fees imposed. The People do not argue that *Dueñas* was wrongly decided, only that any alleged *Dueñas* error was harmless. Under *Dueñas*, a trial court's failure to consider ability to pay is not reversible per se, but instead subject to harmless error analysis. (*People v. Jones* (2019) 36 Cal.App.5th 1028, 1034-1035 (*Jones*).) Because an alleged error under *Dueñas* involves a violation of due process, we consider whether the error was harmless beyond a reasonable doubt. (*Jones*, at p. 1035; see *Chapman v. California* (1967) 386 U.S. 18, 24.) In two recent cases from our division, we concluded the alleged *Dueñas* errors were harmless beyond a reasonable doubt because of the defendants' good health, young age, and ability to earn prison wages. (*Jones*, at p. 1035; *People v. Cervantes* (2020) 46 Cal.App.5th 213, 229 (*Cervantes*).)

We reach the same conclusion here. The trial court chose the statutory minimum for each fee and fine it imposed, for a total of $950. Any inquiry into Williams's ability to pay this amount must consider his future earning capacity, and specifically his ability to obtain prison wages during his incarceration and after his release. (*People v.*

*Hennessey* (1995) 37 Cal.App.4th 1830, 1837; see *Jones*, *supra*, 36 Cal.App.5th at p. 1035; *People v. Johnson* (2019) 35 Cal.App.5th 134, 138-139.)

"[E]very able-bodied prisoner" must work while imprisoned. (§ 2700.) Prison wages range from $12 to $56 per month, depending on the job and skill level involved. (Cal. Code Regs., tit. 15, § 3041.2, subd. (a)(1).) At the time of sentencing, Williams was 23 years old. Nothing in the record indicates he has any health conditions that would prevent him from working, and the trial court explicitly found he looked healthy. Even if he was not earning any wages at the time of sentencing, he can potentially earn a minimum of $12 per month while incarcerated, at least $6 of which must go to paying his two $300 restitution fines. (*Jones*, *supra*, 36 Cal.App.5th at p. 1035.) Williams was sentenced to 11 years four months in prison, with nearly three years of custody credits. Rounding down, this means Williams will serve approximately 100 months in prison and could earn a minimum of $1,200 during that time. We recognize that "[a]n inmate's assignment to a paid position is a privilege dependent on available funding, job performance, seniority and conduct" (Cal. Code Regs., tit. 15, § 3040, subd. (k)), but because Williams is so young, there is a strong likelihood he will hold a paid position long enough to satisfy his financial obligation. (*Cervantes*, *supra*, 46 Cal.App.5th at p. 229.) On this record, we find the error was harmless beyond a reasonable doubt.

III

DISPOSITION

We affirm.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

SLOUGH _____
                                                    J.

We concur:


RAMIREZ _____
                        P. J.


CODRINGTON _____
                        J.